Mary F. Hannan
P. O. Box 5342
Oxnard, CA 93031
Telephone: (805) 844-9653

Plaintiff in pro per

FILED
CLERK, U.S. DISTRICT COURT

NOV - 6 2020

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Mary F. Hannan,

               Plaintiff,

    vs.

Lillian A. Korber, Kerry L. Korber, Justin S. Korber, Timothy E. Korber and DOES 1 through 5, inclusive,

               Defendants.

Case No.: SACV20-02144-JLS-JDEx

COMPLAINT FOR DAMAGES FOR LIBEL PER SE

(Unlimited Civil Case, demand over $25,000)

1. Plaintiff MARY F. HANNAN hereby alleges and complains as follows:

2. MARY F. HANNAN (hereinafter referred to as Hannan) is and at all times mentioned herein was, an individual over the age of majority, residing in the city of Oxnard, County of Ventura, state of California.

3. Hannan has always enjoyed a good reputation in her personal and professional life and is well-respected in both her personal and professional local communities.

4. Defendant, LILLIAN A. KORBER, (hereinafter referred to as Ms. Korber) upon information and belief, is now and at all times relevant to this matter has been, an individual over the age of majority residing in the city of Albuquerque, County of Bernalillo, state of New Mexico.

4. Defendant KERRY L. KORBER, (hereinafter referred to as K. Korber), upon information and belief, is now and at all times relevant to this matter has been, an individual over the age of majority residing in the city of Albuquerque, County of Bernalillo, state of New Mexico.

/ / /

-1-

5.      Defendant JUSTIN S. KORBER, (hereinafter referred to as J. Korber), upon information and belief, is now and at all times relevant to this matter has been, an individual over the age of majority residing in the city of Alexandria, County of Fairfax, state of Virginia.

6.      Defendant TIMOTHY E. KORBER (hereinafter referred to as T. Korber), upon information and belief, is now and at all times relevant to this matter has been, an individual over the age of majority residing in the city of Laguna Beach, County of Orange, state of California.

7.      This Court is the proper court for trial of this action in that defendants LILLIAN A. KORBER, KERRY L. KORBER and JUSTIN S. KORBER are residents of different states than California, where the actions and omissions of defendants as alleged herein were made (diversity jurisdiction).

8.      Hannan is unaware of the true names or capacities, whether individuals or business entities, of Defendants DOES 1 through 5 and therefore sues them by such fictitious names, and will seek leave of this Court to insert their true names and capacities once these are ascertained.

9.      At all times mentioned herein, defendants and each of them were authorized and empowered by each other to act, and did act, as agents of each other, and all of the things alleged herein to have been done by them were done in the capacity of such agency.  Plaintiff is informed and believes and thereon alleges that all defendants are responsible in some manner for the events described herein and are all therefore liable to Hannan for the damages she has incurred as a result.

**FIRST CAUSE OF ACTION**

LIBEL PER SE - [CA Civil Code § 45a]

10.      Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

11.      Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, CA, defendant LILLIAN A. KORBER publically made or caused to be made the following defamatory statements about, of, and concerning Hannan:  that Hannan had Jefffrey Korber murdered by [Hannan's] son.  Defendant made or caused this statement to be made publically,

before witnesses, in open court in Ventura, California, where the statements became a permanent part of the official court record.

12.    All parties present when the statement was made reasonably understood that the statement referred to Hannan and reasonably understood it to mean that Hannan committed a heinous crime of murder.

13.    The aforesaid defamatory statement allegedly made or caused to be made by defendant was and is false, and was not privileged.  Defendant made or caused to be made the statement knowing the falsity thereof, or without using reasonable care to determine the truth or falsity thereof.

14.    Defendant made or caused to be made the aforesaid defamatory statement with malice and with the intent to injure Hannan's good name and reputation, and to interfere with Hannan's economic prospects and employment, in that defendant harbored ill will toward Hannan.

15.    The aforesaid defamatory statement has harmed Hannan's reputation; such a statement has a tendency to injure and has injured Hannan in her community and occupation; Hannan's future business and employment prospects have been severely harmed, and Hannan has had to incur substantial expense in order to redress the harm she has suffered, all to Hannan's general and actual damages, including exemplary and punitive damages, in an amount which exceeds the jurisdictional minimum of this court and which will be proven at the time of trial.

### SECOND CAUSE OF ACTION

LIBEL PER SE - [CA Civil Code § 45a]

16.    Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

17.    Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, CA, defendant L. Korber publically made or caused to be made the following defamatory statements about, of, and concerning Hannan:  that Hannan cheated Jeffrey Korber [out of] the rest of his life. Defendant made or caused this statement to be made publically, before witnesses in open court in Ventura, California, where the statements became a permanent part of the official court record.

18. All parties present when the statements were made reasonably understood that the statements referred to Hannan and reasonably understood the statements to mean that Hannan murdered Jeffrey Korber, a serious crime.

19. Hannan hereby re-alleges and incorporates Paragraphs 13 through 15, above, as though fully set forth herein.

### THIRD CAUSE OF ACTION

### LIBEL PER SE - [CA Civil Code § 45a]

20. Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

21. On November 7, 2019, defendant KERRY L. KORBER publically made the following defamatory statement about, of, and concerning Hannan: that Hannan assisted in the murder of defendant's brother, Jeffrey Korber. Defendant made this statement publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

22. All parties present when the statements were made reasonably understood that the foregoing statements referred to Hannan and reasonably understood the statements to mean that Hannan helped murder Jeffrey Korber, a serious crime.

23. Hannan hereby re-alleges and incorporates Paragraphs 13 through 15, above, as though fully set forth herein.

### FOURTH CAUSE OF ACTION

### LIBELPER SE - [CA Civil Code § 45a]

24. Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

25. Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, CA, defendant K. Korber publically made the following defamatory statements about, of, and concerning Hannan: that Hannan "ordered her son . . . to murder my brother Jeff in her home . . . and did everything in her power to hide this atrocity from everyone." Defendant made this statement publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

26.     All parties present when the statements were made reasonably understood that the foregoing statement referred to Hannan and reasonably understood them to mean that Hannan murdered Jeffrey Korber's then illegally concealed such murder, a serious crime.

27.     Hannan hereby re-alleges and incorporates Paragraphs 13 through 15, above, as though fully set forth herein.

### FIFTH CAUSE OF ACTION

### LIBEL PER SE - [CA Civil Code § 45a]

28.     Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

29.     Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, CA, defendant K. Korber publically made the following defamatory statements about, of, and concerning Hannan:  That Hannan "assisted in wrapping Jeff's body in plastic, removing his body to a storage unit . . . and stuffing him in a freezer in said unit."  Defendant made these statements publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

30.     The parties present when the statements were made reasonably understood that the foregoing statement referred to Hannan and reasonably understood it to mean that Hannan, after murdering Jeffrey Korber, abused and improperly treated and/or handled decedent's remains, a heinous crime.

31.     Hannan hereby re-alleges and incorporates Paragraphs 13 through 15, above, as though fully set forth herein.

### SIXTH CAUSE OF ACTION

### LIBEL PER SE - [CA Civil Code § 45a]

32.     Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

33.     Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, CA, defendant K. Korber publically made the following defamatory statements about, of, and concerning Hannan:  that Hannan "remov[ed] [decedent Korber's] car and belongings and hiding them at the LAX long-term parking lot."  Defendant made these statements publically,

before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

34.     All parties present when the statements were made reasonably understood that the foregoing statements referred to Hannan and reasonably understood the statements to mean that Hannan stole the car and possessions of a man she murdered and hid them from authorities and/or the decedent's family, crimes of theft.

35.     Hannan hereby re-alleges and incorporates Paragraphs 13 through 15, above, as though fully set forth herein.

### SEVENTH CAUSE OF ACTION

LIBEL PER SE – [CA Civil Code § 45a]

36.     Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

37.     Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, CA, defendant K. Korber publically made the following defamatory statements about, of, and concerning Hannan:  that Hannan "lied in all her statements" to Detective Bowman from the Laguna Beach Police Department and lied under oath as a witness at Jeffrey Korber's murder trial. Defendant made these statements publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

38.     All parties present when the statements were made reasonably understood that the foregoing statements referred to Hannan and reasonably understood them to mean that Hannan deliberately lied to a peace officer about Jeffrey Korber's death and other matters, then subsequently committed the serious crime of perjury.

39.     Hannan hereby re-alleges and incorporates Paragraphs 13 through 15, above, as though fully set forth herein.

### EIGHTH CAUSE OF ACTION

LIBEL PER SE - [CA Civil Code § 45a]

40.     Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

41.     Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, CA, defendant K. Korber publically made the following defamatory statements about, of, and concerning Hannan:  that Hannan "cleaned out [Jeff Korber's] bank accounts" and "dumped all his possessions."  Defendant made the statements publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

42.     All parties present when these statements were made reasonably understood that the foregoing statement referred to Hannan and reasonably understood them to mean that Hannan robbed Jeffrey Korber by illegally stealing the money from his bank account after his death and by illegally stealing then disposing of all of Jeffrey Korber's personal possessions, both serious crimes of theft.

43.     Hannan hereby re-alleges and incorporates Paragraphs 13 through 15, above, as though fully set forth herein.

### NINTH CAUSE OF ACTION

#### LIBEL PER SE - [CA Civil Code § 45a]

44.     Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

45.     Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, CA, defendant K. Korber publically made the following defamatory statement about, of, and concerning Hannan:  that Hannan's history shows that "[Hannan] will lie, deceive and coerce anyone to prevent her from being held accountable for my brother's murder."  Defendant made the statements publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

46.     All parties present when the statements were made understood that the foregoing statement referred to Hannan and reasonably understood such statements to mean that Hannan murdered Jeffrey Korber and then lied repeatedly to various law enforcement agencies and others to cover such murder up, all serious crimes.

47.     Hannan hereby re-alleges and incorporates Paragraphs 13 through 15, above, as though fully set forth herein.

**TENTH CAUSE OF ACTION**

LIBEL PER SE - [CA Civil Code § 45a]

48.     Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

49.     Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, CA, defendant JUSTIN S. KORBER publically made or caused to be made the following defamatory statements about, of, and concerning Hannan:  that Hannan conspired to murder Jeffrey Korber then lied to law enforcement officers to cover up the crime.  Defendant made or caused the statements to be made publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

50.     The parties present when the statements were made reasonably understood that the foregoing statements referred to Hannan and reasonably understood the statement to mean that Hannan conspired to commit the crime of murder and then lied to police to cover up or conceal the murder.

51.     Hannan hereby re-alleges and incorporates Paragraphs 13 through 15, above, as though fully set forth herein.

**ELEVENTH CAUSE OF ACTION**

LIBEL PER SE - [CA Civil Code § 45a]

52.     Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

53.     Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, CA, defendant J. Korber publically made or caused to be made the following defamatory statements about, of, and concerning Hannan:  that in 2011. Hannan abused her status as an attorney to obtain "unauthorized visits" with [an inmate] in jail "until law enforcement notified the jail that [Hannan] wasn't [the inmate's] attorney and was a likely co-conspirator." Defendant made or caused the statements to be made publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

54.     All parties present reasonably understood that the foregoing statement referred to Hannan and reasonably understood the statements to mean that Hannan deliberately

misrepresented her status as one of a jail inmate's attorneys, that Hannan's attorney visits with the inmate were "unauthorized," and that law enforcement identified Hannan as a "likely co-conspirator" to a crime in 2011, when the attorney visits with the jail inmate occurred.  Defendant made or caused the statements to be made publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

55.    Hannan hereby re-alleges and incorporates Paragraphs 13 through 15, above, as though fully set forth herein.

### TWELFTH CAUSE OF ACTION

### LIBEL PER SE - [CA Civil Code § 45a]

56.    Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

57.    Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, CA, defendant J. Korber publically made or caused to be made the following defamatory statements about, of, and concerning Hannan:  that in 2011, Hannan procured a U-Haul vehicle trailer which she used to tow Jeffrey Korber's car from Ventura, CA, to Los Angeles, CA, to abandon the vehicle at LAX airport.  Defendant made or caused the statements to be made publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

58.    All parties present reasonably understood that the foregoing statement referred to Hannan and reasonably believed it to mean that Hannan knew about Jeffrey Korber's death in 2011 and unlawfully stole then abandoned Jeffrey Korber's automobile at LAX to cover up Jeffrey Korber's death, serious crimes.

59.    Hannan hereby re-alleges and incorporates Paragraphs 11 through 13, above, as though fully set forth herein.

### THIRTEENTH CAUSE OF ACTION

### LIBEL PER SE - [CA Civil Code § 45a]

60.    Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

61.     Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, California, defendant J. Korber publically made or caused to be made the following defamatory statements about, of, and concerning Hannan:  that in December, 2011, Hannan lied to Laguna Police Department officers about Jeffrey Korber's whereabouts and that Hannan thereby caused Jeffrey Korber to be a "long-term missing person from March, 2011, through June/July, 2013."  Defendant made or caused the statements to be made publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

62.     All parties present understood that the foregoing statements referred to Hannan and reasonably believed such statements to mean that Hannan deliberately misled law enforcement officers as to Jeffrey Korber's whereabouts for over two (2) years, a serious crime.

63.     Hannan hereby re-alleges and incorporates Paragraphs 11 through 13, above, as though fully set forth herein.

### FOURTEENTH CAUSE OF ACTION

#### LIBEL PER SE - [CA Civil Code § 45a]

64.     Hannan hereby re-alleges and incorporates Paragraphs 1 through 7, above, as though fully set forth herein.

65.     Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, California, defendant J. Korber publically made or caused to be made the following defamatory statements about, of, and concerning Hannan: that Hannan is "a principal co-conspirator to murder."  Defendant made or caused the statements to be made publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

66.     All parties present understood that the foregoing statements referred to Hannan and reasonably believed such statement to mean that Hannan conspired to murder Jeffrey Korber, a serious crime.

67.     Hannan hereby re-alleges and incorporates Paragraphs 13 through 15, above, as though fully set forth herein.

**FIFTEENTH CAUSE OF ACTION**

LIBEL PER SE - [CA Civil Code § 45a]

68.     Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

69.     Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, California, defendant J. Korber publically made or caused to be made the following defamatory statements about, of, and concerning Hannan:  that Hannan failed to appear in [State Bar] court and, in appealing her resultant disbarment, Hannan "attempted to manipulate the court by feigning illness after the fact."  Defendant made or caused the statements to be made publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

70.     All parties present understood that the foregoing statements referred to Hannan and reasonably believed such statement to mean that Hannan willfully failed to appear at a court hearing, then lied to the court after the fact about being ill on the date of the court appearance, a serious ethical violation.

71.     Hannan hereby re-alleges and incorporates Paragraphs 11 through 13, above, as though fully set forth herein.

**SIXTEENTH CAUSE OF ACTION**

LIBEL PER SE - [CA Civil Code § 45a]

72.     Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

73.     Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, California, defendant J. Korber publically made or caused to be made the following defamatory statements about, of, and concerning Hannan:  that in 2012, Hannan moved a freezer containing Jeffrey Korber's body into [Hannan's] new storage unit and then "made arrangements to get electricity run to the freezer in the new unit."  Defendant made or caused the statements to be made publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record

74.     All parties present understood that the foregoing statements referred to Hannan and reasonably believed such statements to mean that Hannan moved a freezer that she knew contained a human body into Hannan's storage unit then arranged to have electricity supplied to the freezer to keep the body inside frozen, a serious crime.

75      Hannan hereby re-alleges and incorporates Paragraphs 11 through 13, above, as though fully set forth herein.

### SEVENTEENTH CAUSE OF ACTION

### LIBEL PER SE - [CA Civil Code § 45a]

76.     Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

77.     Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, California, defendant J. Korber publically made or caused to be made the following defamatory statements about, of, and concerning Hannan:  that in a recorded telephone call with Hannan's son, Hannan, a "co-conspirator to my father's murder," was "laughing and joking about [Jeffery Korber's] murder.  Further, that Hannan "laughed about Jeffrey Korber's body being stored in a deep freezer in a storage unit."  Defendant made or caused the statements to be made publically, before witnesses, in open court in Ventura California, where the statements became a permanent part of the official court record.

78.     All parties present understood that the foregoing statements referred to Hannan and reasonably believed such statements to mean that Hannan conspired to murder Jeffrey Korber, put his body in a freezer, and later laughed and joked about those specific actions.

79.     Hannan hereby re-alleges and incorporates Paragraphs 13 through 15, above, as though fully set forth herein.

### EIGHTEENTH CAUSE OF ACTION

### LIBEL PER SE - [CA Civil Code § 45a]

80.     Hannan hereby re-alleges and incorporates Paragraphs 1 through 9, above, as though fully set forth herein.

81.     Hannan is informed and believes and thereon alleges that on November 7, 2019, at Ventura, California, defendant TIMOTHY E. KORBER, publically made or caused to be made

the following defamatory statement about, of, and concerning Hannan:  that Hannan murdered

Jeffrey Korber and hid Jeffrey Korber's body in a freezer in a storage unit.  Defendant made or

caused the statement to be made publically, before witnesses, in open court in Ventura,

California, where the statement became a permanent part of the official court record.

82.     All parties present understood that the foregoing statement referred to Hannan

and reasonably believed such statement to mean that Hannan murdered Jeffrey Korber and hid

his body in a freezer to conceal or cover up the murder, a serious crime.

83.     Hannan herey re-alleges and incorporates Paragraphs 13 through 15, above, as

though fully set forth herein.

### EXEMPLARY DAMAGES

80.     Hannan alleges that in making all of the defamatory statements alleged in each

cause of action herein, defendants and each of them were guilty of malice as defined in CA Civil

Code § 3294 and that Hannan should recover, in addition to actual damages, damages to make

an example of and to punish defendants for their deliberate and malicious efforts to ruin Hannan's

reputation and her life. The facts supporting Hannan's claim are that defendants, despite knowing

little about Hannan, have publically and maliciously stated that Hannan is "an evil person," "has

no ethics, morals, honor, conscience or character," and is "a despicable human being"  who

should be "locked up for the rest of her miserable life" and that Hannan should "lose [her life] as

well."  Defendants and each of them have also deliberately and willfully misrepresented material

facts regarding Hannan, and regarding Jeffrey Korber's death, directly contradicting the actual

evidence in Jeffrey Korber's murder case.  Finally, defendants deliberately and willfully withheld

from the court record a statement made by Alexa Korber, Jeffrey Korber's daughter, wherein

Alexa Korber stated she had met Hannan on an occasion before Jeffrey Korber's death and that

Hannan "seemed nice."

### PRAYER FOR RELIEF

Plaintiff Hannan hereby prays for relief as follows:

1) For economic damages in an amount to be determined at trial;

2) For general and compensatory damages in amounts to be determined at trial;

3) For exemplary and punitive damages in amounts to be determined at trial;

4)  For costs of suit herein;

5)  For interest on all sums awarded at the maximum rate allowed by law; and

6)  For such other and further relief as the Court may deem proper and just.

Executed this 5th day of November, 2020, at Oxnard, California.

Mary F. Hannan, plaintiff in pro per