JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| MARY F. HANNAN, | CASE NUMBER |
| --- | --- |
|  | 8:20-cv-02144-JLS (JDEx) |
| PLAINTIFF(S) v. |  |
| LILLIAN A. KORBER, et al., | *AMENDED TO INCLUDE ATTACHMENT* ORDER RE REQUEST TO PROCEED IN FORMA PAUPERIS |
| DEFENDANT(S) |  |

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby GRANTED.

_____        _____
Date                           United States Magistrate Judge

---

IT IS RECOMMENDED that the Request to Proceed *In Forma Pauperis* be DENIED for the following reason(s):

- ☐ Inadequate showing of indigency
- ☐ Legally and/or factually patently frivolous
- ☐ Other: _____
- ☒ District Court lacks jurisdiction
- ☐ Immunity as to _____

Comments:
See Attachment.

November 12, 2020                /s/ JOHN D. EARLY
Date                             United States Magistrate Judge

---

IT IS ORDERED that the Request to Proceed *In Forma Pauperis* is hereby:

- ☐ GRANTED
- ☒ DENIED (see comments above). IT IS FURTHER ORDERED that:
  - ☐ Plaintiff SHALL PAY THE FILING FEES IN FULL within 30 days or this case will be dismissed.
  - ☒ This case is hereby DISMISSED immediately.
  - ☐ This case is hereby REMANDED to state court.

November 13, 2020                /s/ Josephine Staton
Date                             United States District Judge

**Mary F. Hannan v. Lillian A. Korber, et al., Case No. 8:20-cv-02144-JLS (JDEx)**
Order Re Request to Proceed Without Prepayment of Filing Fee Comments, continued:

On November 6, 2020, Plaintiff Mary F. Hannan ("Plaintiff") filed a Complaint and an application to proceed in forma pauperis ("IFP"). Dkt. 1, 2.

I.   STANDARD OF REVIEW

Because Plaintiff is proceeding pro se, the court liberally construes her pleadings. See Eldridge v. Block, 832 F.2d 1132, 1137 (9th Cir. 1987). "A district court may deny leave to proceed IFP at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998).

A complaint must contain "a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1). A district court may dismiss an action for lack of subject matter jurisdiction "at any time." Fed. R. Civ. P. 12(h)(3); see also Fiedler v. Clark, 714 F.2d 77, 78-79 (9th Cir. 1983). An IFP application may properly be denied where the district court finds that it lacks subject matter jurisdiction. See Good v. Arrington, 517 F. App'x 544, 544-45 (9th Cir. 2013) (affirming denial of IFP request due to lack of subject matter jurisdiction).

II.   RELEVANT ALLEGATIONS

Plaintiff's Complaint contains 18 purported causes of action, each for Libel Per Se under California Civil Code Section 45(a), against four defendants. Dkt. 1. The Complaint alleges no federal claims and purports to base subject matter jurisdiction on "diversity jurisdiction," asserting that three of the defendants "are residents of different states than California, where the actions and omissions of defendants as alleged herein were made." Id., ¶ 7. Plaintiff alleges she is a resident of Ventura County, California. Id. ¶ 2. Plaintiff alleges the fourth defendant, Timothy Korber, is a resident of Orange County, California. Id., ¶ 6. Both Orange and Ventura Counties are within the Central District of California. See 28 U.S.C. § 84(c). The Complaint does not specify an amount in controversy or seek a specific amount of damages. Dkt. 1 at 13-14 (Prayer for Relief).

III.   DISCUSSION

Federal courts are courts of limited jurisdiction. Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). A district court's jurisdiction to resolve a case on its merits requires a showing that it has both subject matter and personal jurisdiction. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). At the pleading stage, a plaintiff must allege sufficient facts to show a proper basis for the court to assert subject matter jurisdiction over the action. McNutt v. Gen. Motors Acceptance Corp., 298 U.S.

178, 189 (1936); Johnson v. Columbia Props. Anchorage, L.P., 437 F.3d 894, 899 (9th Cir. 2006); Fed. R. Civ. P. 8(a)(1).

A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States"; or (2) there is complete diversity of citizenship and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332(a).

Federal question jurisdiction under 28 U.S.C. § 1331 is governed by the well-pleaded complaint rule, which requires that the basis for federal jurisdiction appear on the face of the properly pleaded complaint, either because the complaint directly raises an issue of federal law or because the plaintiff's "right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 13 (1983).

Diversity jurisdiction exists under where: (1) the amount in controversy exceeds $75,000; and (2) the parties are completely diverse—i.e., citizens of different states. 28 U.S.C. § 1332. Complete diversity means "*each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip., 437 U.S. 365 at 373. An individual is a citizen of his or her state of domicile. See Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).

Here, the Complaint alleges no federal claim or substantial question of federal law. Thus, Plaintiff has not met his burden to show federal question jurisdiction. With respect to diversity jurisdiction, the sole purported basis for jurisdiction specified in the Complaint, leaving aside the $75,000 amount in controversy requirement, the Complaint alleges that Plaintiff and defendant Timothy Korber both reside in California. Thus, even construing the Complaint liberally, Plaintiff has not alleged complete diversity between herself and all defendants, and has not alleged a basis for diversity jurisdiction.

IV.   CONCLUSION

For the foregoing reasons, Plaintiff's IFP Application should be denied and the action be dismissed without prejudice to Plaintiff pursuing her claims in state court.